RAFAEL PABÓN SALAZAR, Plaintiff and Appellant, *v.*
LIBORIO AYALA, Defendant and Appellee.

No. 9536. Argued January 13, 1948.—Decided March 5, 1948.

*A. Ramírez Silva* for appellant. *Ildefonso Freyre* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

From the judgment rendered by the District Court of Mayagüez dismissing the petition for injunction to recover possession plaintiff appeals and alleges that the court erred: (1) in deciding that the want of a verification in the answer filed by defendant did not give plaintiff the right to request,

as he did request, a judgment on the pleadings, and (2) in weighing the evidence and deciding that in view of the result thereof, the action brought by plaintiff had prescribed.

 As to the first assignment, Rule 11 of the Rules of Civil Procedure provides that " . . . Except when otherwise *specifically* provided by *rule or statute,* pleadings need not be verified or accompanied by affidavit . . . ." (Italics ours.)

Although it is true that § 2 of the Act of March 13, 1913, providing for proceedings for the recovery of the possession of real property, as amended by Act No. 11 of 1917, (Sp. Sess., p. 220), (§ 691, Code of Civil Procedure, 1933 ed.) provides that the complaint in these cases shall be verified by the plaintiff, this Act does not specifically provide that the answer must also be verified by the defendant. It is true that § 118 of the Code of Civil Procedure provides that when the complaint is verified the answer must also be verified, however, in construing Rule 11, *supra,* we held in *Waymouth Estate, Inc.* v. *District Court,* 63 P.R.R. 641, that § 118 has been modified by Rule 11 in the sense that a litigant by verifying his pleading cannot compel the other party to verify subsequent pleadings. In that case no statute was involved requiring the complaint to be verified. Although in the instant case the statute on possessory injunctions does contain this requirement, it says nothing as to the verification in the answer, and therefore, we must not extend this requirement to a pleading which neither by rule nor statute requires it.[1] Pursuant to the new Rules the verification in a pleading is the exception and not the general rule. *Waymouth Estate, Inc.* v. *District Court, supra,* and truthfulness and honesty in pleading are made largely dependent upon subscription of

---

[1] Contrary to the requirements in cases of possessory injunctions, in mandamus, § 656 of the Code of Civil Procedure and in injunction, § 684 of the same Code, the answer must be verified.

:the pleading and not of the verification. 1 Moore Federal Practice 616. In our opinion the first error was not committed.

The second is directed against the weighing of the evidence :and the court's finding that the action had prescribed.

■■ It was alleged in the complaint that plaintiff is the owner of several farms in San Germán, which are adjacent to a road that crosses the land of the defendant; that plaintiff was in possession of the use of this road within the year prior to the filing of the complaint and that one month previously defendant, without the acquiescence or consent of the plaintiff and against his will, illegally undertook to close and did close said road by placing a gate on the western boundary thereof, thus depriving plaintiff from the possession of the use of the road, and from taking the fruits out of his property in cars and trucks as he had been used to do.

In his answer defendant accepted some and denied other averments of the complaint and as a special defense alleged that the road in question was private and had been constructed by him. That he granted to the plaintiff the right to go in and out through said road, but that this permission was subject to its being revoked by the defendant; that this permission has not been revoked nor has plaintiff been denied the passage through the road; that the gate which exists in said road was constructed by the defendant in 1938, that is, nine years prior to the filing of the complaint; that any possessory action taken by plaintiff to seek its elimination has prescribed pursuant to § 1868 of the Civil Code; that the gate is open all day and plaintiff has continued going in and out of his property through said road and taking out the fruits in the same manner he has always done.

In disposing of the case the lower court rendered an opinion in the following terms:

"In this case it has been sufficiently shown, by the testimony of the defendant's witnesses, among them the testimony of Ricardo Ju-

sino, that the gate was constructed and exists since 1938, for which reason the action has clearly prescribed under the light of the facts and the statutory provisions applicable thereto. (§ 1868 of the Civil Code, *supra.*) This has been repeatedly held by the Supreme Court of Puerto Rico in, among others, *Richardson* v. *Martínez,* 35 P.R.R. 949 and *Municipality* v. *De la Fuente,* 57 P.R.R. 893.

"But apart from the fact that extinctive prescription is of absolute application, it was clearly shown that there was no obstacle whatsoever preventing plaintiff from going to his property through the road or that any step was taken at any time tending to deprive plaintiff of his alleged right to the use of the road or free access to his property. The gate remains open all day and the plaintiff used the road, according to his own admission, on the 7th, 8th, 11th, 16th, 17th, 22nd and 25th on which days he carried the products and materials in and out of his property in trucks and ox carts. The defendant, by closing the gate at nighttime with a chain but without a lock, is acting under a right pertaining to him, that is, to protect the entrance to said private road at certain hours, and this does not deprive the plaintiff from the use of the road during those hours, inasmuch as according to defendant's testimony, which the court believed, the chain attached to the gate has no lock, and plaintiff may use the road at nighttime, provided he complies with the conditions established by the defendant to protect the entrance to the road during those hours. Furthermore, it was shown by the defendant that he has been closing the gate at nighttime as indicated, for more than one year prior to the filing of the complaint and therefore any action taken by the plaintiff to change the use of the gate in the manner indicated has prescribed.

"In brief, this court has reached the conclusion that there are two grounds on either of which plaintiff's petition should be dismissed; one is the statute of limitations and the other that defendant has not performed any act tending to deprive the plaintiff in any manner whatsoever from the use of the road."

We have carefully examined the transcript of the evidence and we are of the opinion that the conclusion at which the trial court arrived is amply supported by the evidence. It was contradictory, but the court believed that of the defendant and it has not been alleged that in so doing it acted with

passion, prejudice or bias and we are convinced that it did not commit manifest error. Under these circumstances we have repeatedly held that we shall not disturb the findings of the trial court.

The judgment is affirmed.